**In re Kennith MODICA, Debtor.**

**In re William John MODICA, Debtor.**

**Bankruptcy Nos. 7–84–00697–R, 7–84–00696–R.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Dec. 5, 1985.

George A. McLean, Jr., Roanoke, Va., for debtors.

Gentry, Locke, Rakes & Moore, Roanoke, Va., for Colonial American Nat. Bank.

Charles R. Allen, Jr., Roanoke, Va., Trustee.

## JOINT MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue to be determined is whether, under 11 U.S.C. § 506(c), the Trustee is entitled to charge costs and expenses against rental receipts in his possession which represent collateral of a secured party under the terms of certain Deeds of Trust.

The Debtors, William John Modica and Kennith Modica, were the makers of promissory notes in favor of Colonial American National Bank ("Colonial American"). The notes were secured by Deeds of Trust on two parcels of real property on Highland Avenue in the City of Roanoke used as residential apartments. The terms of each Deed of Trust gave Colonial American an interest in all rents from the property and, further, provided that all rents received prior to a foreclosure sale were to be applied as though proceeds from a foreclosure sale.

Colonial American's lien on the property located at 111 Highland Avenue was third in priority to Dominion Bank, N.A. and George V. Gardner. Its lien on the property at 435 Highland was second in priority to Charter Federal Savings and Loan.

The Debtors filed their Chapter 7 petitions in this Court on July 16, 1984. The original bankruptcy Trustee, A. Carter Magee, Jr., Esquire, upon appointment took possession of the properties and sought employment of a realty management company to manage the properties. This action was taken and deemed to be in the best interest of creditors. On July 19, 1984, the Court, without any objection, entered an Order authorizing such employment. Thereafter, C.W. Francis & Sons, Realtors, took over management and operation of the properties for the Trustee.

The Realtor collected rental payments as they came due and subtracted therefrom expenses of operation and a 6% rental commission, remitting the remaining funds to the present substituted Trustee. Such payments continued to the Trustee until December, 1984 when the property was abandoned. The Trustee accumulated a total of $3,908.71, which are the funds in issue.

The property located at 111 Highland Avenue was abandoned on December 4, 1984 and sold for a sum sufficient to satisfy the first and second lienholders. The excess amount from the sale was credited against the claim of Colonial American. The property located at 435 Highland Avenue was abandoned on December 13, 1984 and bid in at foreclosure by Charter Federal for the amount of its claim.

Colonial American at no time sought relief from the stay of § 362 or other relief until it filed motions in each case seeking an Order that the Trustee be required to abandon the rental funds paid to him by C.W. Francis and directing payment of the amounts to Colonial American. It claims that pursuant to the provisions of the Deeds of Trust, its liens on the properties extend to the proceeds received prior to foreclosure. The Trustee contends that any claim of Colonial American as a secured creditor should be subordinate to any necessary administrative expenses of the Court or the Trustee for control of the properties, as well as the Trustee's allowed

fees and expenses. The parties have apparently resolved the issue heretofore raised by the Trustee that 11 U.S.C. § 552 challenges the right of Colonial American to these post-petition rental collections, and the Court assumes that the only issue for resolution is the charge of administrative and other charges and expenses pursuant to 11 U.S.C. § 506(c).

■ Traditionally, payment of administrative expenses has been the responsibility of the debtor's estate rather than the secured creditors. *In re Flagstaff Food Service Corp.*, 739 F.2d 73 (2d Cir.1984). However, certain costs and expenses may be shared by secured creditors pursuant to § 506(c).

Section 506(c) provides that:

"The Trustee may recover from property securing an allowed secured claim the reasonable necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

■ Under § 506(c), particular charges against the secured creditor's collateral must meet a 3-prong test. They must be (1) necessary to preserve or dispose of the property, (2) of benefit to the secured creditor, and (3) reasonable. *In re Bob Grissett Golf Shoppes, Inc.*, 50 B.R. 598, 602 (Bankr.E.D.VA 1985). The burden of proving these elements is on the Trustee seeking recovery. 3 *Collier on Bankruptcy*, ¶ 506.06 at 506–55 (15th ed. 1985).

Determinations of what costs and expenses are necessary in connection with preservation or disposition of property and the extent to which such costs and expenses were reasonable and benefitted the holder of the secured claim will depend upon the facts of each case. 3 *Collier on Bankruptcy*, ¶ 506.06 at 506–50.

■ It is recognized that general administrative costs, overhead, the statutory commissions of the Trustee, and attorney's fees of the estate will generally not be charged against the proceeds of the subject collateral because of the absence of any resulting benefit to the holder of the secured claim. If, however, the secured creditor has consented to the related preservation by the Trustee, then the court may find a consent for assessing such costs and expenses in a greater latitude. 3 *Collier on Bankruptcy*, ¶ 506.06 at 506–52.

Here, Colonial American was apparently content to have the Trustee in administering this estate, collect, and preserve rental payments upon which it claims a lien. It should not be able to object to bearing the necessary expense to which the Trustee has been put to collect, protect, and preserve its collateral. 11 U.S.C. § 326(a)[1] permits a Trustee to receive commissions upon payments to secured creditors. The general unsecured creditors should not have to bear the commissions payable to the Trustee upon these rental payments and relieving such secured creditor of the burden placed upon the estate by Trustee's collection of the funds for the secured creditors' benefit. Under § 326(a), the Trustee's commission alone on these funds amounts to approximately $300.00.

Pursuant to *Bankruptcy Rule* 2016, a petition has been filed for compensation of services as Trustee and attorney for the Trustee in these cases, with schedules of time spent attached thereto. The Trustee seeks an award of $160.00 for services rendered as Trustee.

In addition to the above amount, compensation is also sought as attorney for the Trustee in the sum of $300.00. This amount reflects five (5) hours of work, billed at an hourly rate of $60.00, for research and preparation of a Memorandum

---

1. 11 USCS § 326. Limitation on compensation of trustee.

(a) In a case under chapter 7 or 11 [11 USCS §§ 701 *et seq.*, 1101 *et seq.*], the court may allow reasonable compensation under section 330 of this title [11 USCS § 330] of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, upon all *moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.* (emphasis added)

in response to Colonial American's motion for abandonment.

Since the Court is unable to conclude that the attorney's fees were beneficial to Colonial American, the Court will treat the two applications together. The Trustee is clearly entitled to the statutory commissions under § 326(a) of $150.00 on the first $1,000.00, 6% on the next $2,000.00, or $120.00, and 3%, or $27.24, on the remaining $908.71, for a total of $297.24. The Court finds that this sum is clearly reasonable and proper.

The Congress of the United States provided in 11 U.S.C. § 326(a) compensation to the Trustee for monies disbursed by the Trustee to parties in interest "... including holders of secured claims." It would seem to necessarily follow that charges attributable to these funds should be among those set forth in 11 U.S.C. § 506(c). It would certainly be inequitable for this burden to fall upon the shoulders of general unsecured creditors when the Trustee's efforts were for the sole benefit of the secured creditor permitting the Trustee to collect, preserve, and pay over to the creditor its claimed rents.

For the reasons set forth, it is

ORDERED

that the Trustee disburse the funds due to Colonial American, less the sum fixed of $297.24.

Service of a copy of this Joint Memorandum Opinion and Order shall be made by mail to the respective Debtors; to George A. McLean, Jr., Esquire, Counsel for Debtors; GENTRY, LOCKE, RAKES & MOORE, Counsel for Colonial American National Bank; and to Charles R. Allen, Jr., Esquire, Trustee.